ELMER E. KNIGHT, Respondent, *v.* SHERMAN BROWN
et al., Appellants.

*Knight* v. *Brown*, 162 App. Div. 438, appeal dismissed.

(Argued February 5, 1918; decided February 26, 1918.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
May 13, 1914, reversing a judgment in favor of defendants
entered upon a verdict and granting a new trial in an
action to recover from the defendants commissions upon
the sale of a farm owned by them as tenants of the
entirety. The complaint alleged that the defendants
employed the plaintiff to procure a purchaser for a farm
owned by them, and agreed to pay plaintiff for such
services a commission of $100; that plaintiff did procure
a purchaser, one Walter W. Croft, between whom
and the plaintiff and defendants it was mutually agreed
that after the said Croft obtained title to the property
he should pay $100 of the purchase price direct to the
plaintiff for his commission, instead of to the defendants,
and also assume two mortgages then on the property
as a part of the purchase price; that thereupon Croft
drew his check for the balance of the purchase price,
less the aggregate amount of said commission and mort-
gages, to the order of the defendant Sherman Brown,
which check indorsed by said defendant, together with
a deed of the said farm to the said Croft, duly executed
and acknowledged by the defendants, were thereupon
delivered in escrow to one Daniel L. Maxfield, under an
agreement by the defendants that the said Maxfield
should forward the check for collection, and upon pay-
ment of the amount thereof deliver said deed to the
plaintiff for Croft, in consideration of which agreement
on the part of the defendants the plaintiff agreed to wait

for his $100 commission and to take the same from Croft; that thereafter, and before the delivery to Croft of the deed and before the payment of the check, the defendants caused payment of said check to be stopped, refused delivery of the deed to Croft and repudiated the sale, by reason of which facts plaintiff was deprived of his right to collect his commission from the purchaser Croft under the contingent novation agreement, and the defendants became liable therefor under their original agreement. The answer denied the employment, alleged a parol agreement to sell and that the purchaser agreed to make the payment alleged.

*Edmund B. Jenks* for appellants.

*T. B. Merchant* and *Herbert C. Kibbe* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.